IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WAYNE J. WADDELL, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 09-0040-WS-M |
| | ) |
| HOLIDAY ISLE, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the defendants' motion to alter or amend judgment. (Doc. 104). The parties have filed briefs in support of their respective positions, (Docs. 104, 108, 109), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be denied.

## BACKGROUND

The plaintiffs signed contracts to purchase 20 condominium units from defendant Holiday Isle, LLC ("Holiday Isle"). After Holiday Isle declared the plaintiffs in default, they filed suit against Holiday Isle, The Mitchell Company ("Mitchell"), and Paul Wesch. In the ensuing arbitration, the arbitrator found for the plaintiffs with respect to 17 of the units and for Holiday Isle with respect to three units.

The defendants filed a motion to modify or vacate the arbitration award, (Doc. 41), which the Court denied. (Doc. 100). Mitchell and Wesch also filed a supplemental motion to alter or vacate, (Doc. 50), which the Court denied. (Doc. 100). The prevailing plaintiffs filed a motion to confirm the arbitration award and enter judgment, (Doc. 49), which the Court granted. (Doc. 100). The losing plaintiffs filed motions to vacate the arbitration award, (Doc. 67, 68), and the Court granted the motion filed by one purchaser

(Hambric) and denied the motion filed by the other two. (Doc. 100). The parties submitted a proposed form of judgment, (Doc. 102), which the Court entered. (Doc. 103). The instant motion timely followed. It challenges the Court's denial of the motion to modify or vacate, the denial of the supplemental motion to alter or vacate, the grant of the motion to confirm, and the grant of Hambric's motion to vacate.

## DISCUSSION

The defendants' motion is brought under Rule 59(e). (Doc. 104 at 1). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotes omitted) (bracketed material in original). Moreover, "[a] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (internal quotes omitted) (bracketed material in original); *accord Exxon Shipping Co. v. Baker*, 128 S. Ct. 2605, 2617 n.5 (2008); *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009).

### I. Motion to Modify or Vacate.

The contracts provided that the purchasers would be entitled to return of all monies paid, plus interest, if the "unit" purchased was not "completed" within two years of the contract's effective date. It was clear that the common elements were not completed on the anniversary date, but less clear whether the private spaces were then complete. The arbitrator ruled that, given the language of the parties' documents, the term "unit" encompassed the uncompleted common elements. The motion to modify or vacate focused on assailing that conclusion, but the Court rejected each argument the defendants raised. (Doc. 100 at 3-16).

**A. Waiver.**

The motion to modify or vacate raised three grounds for upsetting the arbitral award: (1) that the arbitrator's conclusion as to the definition of "unit" constituted an "evident material mistake in the description of ... property referred to in the award" under 9 U.S.C. § 11(a); (2) that the award violated due process; and (3) that the award was defective under Alabama's arbitration statute. In their reply brief, the defendants presented two additional grounds: (4) that the arbitrator "exceeded [his] powers" under 9 U.S.C. § 10(a)(4); and (5) that the arbitrator exhibited a "manifest disregard of the law." The Court ruled that the defendants waived the latter two arguments because district courts, including this one, "have routinely concluded that they ordinarily should not consider arguments presented for the first time in a reply brief," and because the defendants provided, and the Court could detect, no reason for departing from the ordinary rule. (Doc. 100 at 6-7).

The defendants assert that the Court's ruling was in error. They do not deny the Court's well-established authority to disregard arguments first raised in reply.[1] Nor do they dispute that their fourth and fifth grounds were not raised initially. Instead, they offer a reason why the Court nevertheless should have entertained their tardy arguments.

The defendants argue that the Court erred by establishing a briefing schedule that

---

[1] The Court cited decisions in over twenty districts invoking this rule in a single year, (Doc. 100 at 6-7 n.5), and federal courts in Alabama have likewise often invoked it. *E.g., Citigroup Global Markets Realty Group v. City of Montgomery*, 2009 WL 4021803 at *3 n.5 (M.D. Ala. 2009) (J. Watkins); *Caribbean I Owners' Association, Inc. v. Great American Insurance Co.*, 600 F. Supp. 2d 1228, 1245 n.21 (S.D. Ala. 2009) (J. DuBose); *Puckett v. McPhillips Shinbaum*, 2008 WL 906569 at *24 n.16 (M.D. Ala. 2008) (J. DeMent). The Eleventh Circuit has also followed this rule "repeatedly," *United States v. Levy*, 379 F.3d 1241, 1244 (11th Cir. 2004) (citing eight representative cases), as has the Court. *E.g., Abrams v. Ciba Special Chemicals Corp.*, 2009 WL 3261264 at *7 n.16 (S.D. Ala. 2009); *Evans v. Infirmary Health Services, Inc.*, 634 F. Supp. 2d 1276, 1285 n.14 (S.D. Ala. 2009); *Hardy v. Jim Walter Homes, Inc.*, 2008 WL 906455 at *8 (S.D. Ala. 2008).

provided only for the filing of responsive and reply briefs, without first establishing a deadline for the filing of principal briefs in support of the parties' competing motions. According to the defendants, this "inverted" schedule forced the parties "to submit their contentions in reverse order," such that the defendants' initial opportunity to express their position was in their reply brief, which constituted their "first brief" in support of the motion to modify or vacate. Finding a waiver under such circumstances, they conclude, would be unfairly prejudicial and constitute reversible error. (Doc. 104 at 1-3; Doc. 109 at 1-3). As discussed below, the defendants' proffered reason will not withstand scrutiny.

As a threshold matter, the defendants' motion to modify or vacate ran a full 15 pages, all but the first and last paragraphs of which were presented under the heading, "Memorandum of Law" and which, as noted, specified three clear grounds for modifying or vacating the arbitral award. In the face of this lengthy filing with its clearly articulated grounds and substantial legal analysis, it is patently untenable for the defendants to suggest they were afforded insufficient opportunity to "submit their contentions" before the plaintiffs responded to them.

The parallel suggestion that the Court had some undefined duty to ensure that the defendants exhausted their arsenal of arguments through a "brief" before instructing the plaintiffs to respond fails at multiple points. First, of course, there is the defendants' inability to identify a single authority of any description that such an improbable duty exists. Second, there is the defendants' failure to appreciate that a 14-page "memorandum of law" *is* a brief. Third, there is the defendants' six-month continuous failure, between the filing of the motion on October 1, 2008 and the Court's entry of a briefing schedule on April 9, 2009, to alert the Court that they wanted to raise additional arguments before the plaintiffs responded.[2] Fourth, there is the defendants' failure, even

---

[2]Between October 23 and January 16, this case was stayed by Holiday Isle's bankruptcy. (Doc. 53; Doc. 72, Exhibit A at 2). The stay did not preclude the defendants from investigating and expanding the grounds of their motion to modify and vacate; it stayed only the filing of a document doing so. The reference was not formally withdrawn

after receiving the objectionable briefing schedule, to seek relief from it.³  The defendants' remarkable assertion that the Court did not "permi[t]" or "allo[w]" them to expand the grounds of their motion at any point between October and April, (Doc. 104 at 3), is simply false, as the discussion above demonstrates.⁴

---

until April 9, (Doc. 90 at 2), but that did not stop the defendants from submitting six filings, including motions. (Docs. 74, 77, 79, 81, 86, 88). In short, the procedural history furnishes the defendants no excuse for not asserting additional grounds to modify or vacate prior to entry of the April 2009 briefing schedule.

The defendants suggest they made a cry for help by moving for a "pretrial conference." (Doc. 104 at 2). However, the defendants never stated they wanted to expand the grounds of their motion to modify or vacate. (Doc. 100 at 7 n.6). What the defendants actually sought was to turn the exceptionally narrow review applicable to arbitration awards into a litigation free-for-all, complete with "preliminary motions," "amendments to pleadings," "certif[ied] questions," "extensive discovery," and the "submi[ssion] of "evidence." (Doc. 74 at 1-2; Doc. 86 at 3-4; Doc. 88 at 2-3). By correctly declining to hold such a conference in view of the defendants' inability to articulate why one should be held, (Doc. 80 at 2; Doc. 90 at 4), the Court did not preclude the defendants from amending their motion to modify or vacate or filing a supplemental brief in support thereof. Indeed, between October 1 and April 9, the defendants needed no leave of Court to do so, and their failure was entirely their own doing.

³The defendants' assertion that they failed to object because they "saw no recourse" to silently following a briefing schedule they believed to be ill-advised and illegal, (Doc. 104 at 2), reflects only their conscious choice to accept that schedule and its consequences despite their awareness (reflected in the present motion) that court orders can be revisited on proper request.

The defendants hint they did not realize that new arguments generally cannot be submitted on reply and thus did not consciously appreciate the consequences of their failure to oppose the briefing schedule. The ubiquity of the rule renders the assertion surprising but, at any rate, represented parties must accept the consequences of their decisions regardless of whether they anticipated those consequences. *E.g., Downs v. McNeil*, 520 F.3d 1311, 1325 (11th Cir. 2008) ("When an attorney miscalculates a deadline, fails to adequately raise a potentially meritorious claim, or otherwise makes a run-of-the-mill mistake, a habeas petitioner must live with the consequences of the error.").

⁴The defendants are at least consistent. Their motion to alter or amend judgment runs some 11 pages and discusses ten judicial decisions (none concerning this issue), yet

The defendants object that they did not intentionally relinquish a known right and therefore could not have "waived" their tardy arguments. (Doc. 104 at 2). Although courts routinely describe the failure to raise an argument prior to reply as a waiver of the omitted argument,[5] the nomenclature is unimportant and, as the cited cases confirm, it is legally irrelevant that the defendant subjectively did not purposefully abandon the unarticulated argument. Whether the omission is intentional or merely careless, courts do not address arguments untimely raised in a reply brief.

Finally, the defendants complain that the Court disregarded their untimely arguments even though the plaintiffs did not request it to do so. (Doc. 109 at 3). Since the defendants asserted the arguments in their reply brief (that is, in the final brief permitted by the Court), it is not immediately apparent how the plaintiffs would have objected. At any rate, and as the cited cases and countless others reflect, courts are not obligated to consider untimely arguments absent affirmative objection by a litigant. The defendants offer no authority to the contrary.

In short, the Court properly concluded that the defendants waived their arguments based on Section 10(a)(4) and manifest disregard of law.[6]

---

they insist that their reply brief "is actually the only opportunity afforded the Defendants to advocate for the grant of their motion." (Doc. 109 at 2 (emphasis in original); *accord id.* at 13). The assertion is no truer on motion to alter or amend than it was on motion to modify or vacate.

[5]*E.g., United States v. Diaz*, 533 F.3d 574, 577 (7th Cir. 2008); *Wheeler v. Commissioner,* 521 F.3d 1289, 1291 (10th Cir. 2008); *Scottsdale Insurance Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); *Goulet v. New Penn Motor Express, Inc.*, 512 F.3d 34, 46 n.10 (1st Cir. 2008); *Invitrogen Corp. v. Clontech Laboratories, Inc.*, 429 F.3d 1052, 1077 n.21 (Fed. Cir. 2005); *United States v. Bonilla-Mungia*, 422 F.3d 316, 319 (5th Cir. 2005); *Bazuaye v. Immigration and Naturalization Service*, 79 F.3d 118, 120 (9th Cir. 1996); *Board of Regents v. Environmental Protection Agency*, 86 F.3d 1214, 1221 (D.C. Cir. 1996).

[6]It is not clear why the defendants have fought so hard to overturn this ruling. After finding waiver, the Court nevertheless considered the defendants' arguments on the

### B. Section 11(a).

The defendants argue that the Court's ruling is "in conflict with" *Offshore Marine Towing, Inc. v. MR23*, 412 F.3d 1254 (11th Cir. 2005). (Doc. 104 at 7-8; Doc. 109 at 9-11). *Offshore Marine*, however, involved relief under Section 11(b), concerning matters ruled on by the arbitrator though not submitted to him; it did not involve Section 11(a). 412 F.3d at 1256. *Offshore Marine* is therefore inapposite and certainly not in conflict with the Court's decision.

The Court, citing cases from the Fourth, Sixth, Eighth, Ninth and Tenth Circuits, ruled that Section 11(a) is limited to simple descriptive mistakes, such as accidentally giving the wrong address of the subject property. (Doc. 100 at 5-6). The defendants, (Doc. 104 at 7; Doc. 109 at 9), suggest this could not be the law of the Eleventh Circuit because it has equated a "mistake" under Section 11(a) with "understand[ing] wrongly" or "identify[ing] incorrectly." *AIG Baker Sterling Heights, LLC v. American Multi-Cinema, Inc.*, 508 F.3d 995, 999 (11th Cir.2007) (internal quotes omitted). The defendants did not make this argument on motion to vacate, and they cannot use Rule 59(e) to "raise argument ... that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343.

Even could the Court consider the argument, it would not assist the defendants. The *AIG Baker* Court was simply distinguishing between an arbitrator's ignorance due to poor presentation by the parties (not correctable) and his mistaken understanding of what has been properly presented (potentially correctable). *Id.* at 999-1000. The Eleventh Circuit did not remotely suggest that an error in an arbitrator's intricate analysis falls within Section 11(a) merely because his reasoning is wrong. *AIG Baker* does not in the slightest undermine the Court's ruling, which is consistent with that of all appellate courts

---

merits and rejected them, (Doc. 100 at 6-14), and the defendants on motion to alter or amend do not challenge the Court's substantive treatment of these arguments. Instead, they confine their attack to the Court's failure to overturn the arbitrator pursuant to Section 11(a). (Doc. 104 at 6-8; Doc. 109 at 8-11).

known to have addressed the issue.

The defendants also suggest that relief under Section 11(a) should go beyond correcting simple descriptive error "where the magnitude of the error is such as causes a movant to also invoke Section 10." (Doc. 104 at 6-7; *accord* Doc. 109 at 9-10). This also is a new argument improperly raised for the first time on motion to alter or amend. At any rate, the defendants provide no comprehensible explanation for the odd proposition that the scope of Section 11(a) depends on whether the losing party does or does not invoke Section 10, and the Court will not attempt to do so on their behalf.

It is worth noting that the Court articulated four grounds for its ruling concerning Section 11(a), yet the motion to alter or amend addresses only one of them. The defendants ignore the Courts' rulings that: (1) Section 11(a) does not allow vacatur, only modification, and the defendants admitted that success on their argument would require vacatur; (2) Section 11(a) allows modification only "so as to effect the intent" of the award, and the arbitrator's intent was explicitly to deem "unit" to include common elements; and (3) Section 11(a) allows correction only of a property "description," while the defendants seek to alter a property definition, not its description. (Doc. 100 at 4-6). Thus, even were there merit to the defendants' argument (and there is not), it could not alter the result given their failure to address the other bases of the Court's ruling.

### C.  Section 10.

In the conclusion to their motion to alter or amend, the defendants suddenly request relief under Section 10. (Doc. 104 at 10). As noted in Part I.B, the body of their motion does not seek vacatur or modification pursuant to Section 10 but only under Section 11(a), with the defendants requesting "a similar Section 11 modification to correct a similar Section 11 mistake." (Doc. 104 at 8; *accord* Doc. 109 at 10). As noted above, their only invocation of Section 10 was to bolster their request for relief under Section 11.

-8-

Even in their conclusion, the defendants do not present any argument as to Section 10. That alone is sufficient to require its rejection. *See, e.g., Transamerica Leasing, Inc. v. Institute of London Underwriters*, 430 F.3d 1326, 1331 n.4 (11th Cir. 2005) ("[A] passing reference to an issue in a brief [is] insufficient to properly raise that issue."). At any rate, the Court previously refuted in detail the defendants' argument under Section 10(a)(4), (Doc. 100 at 8-12), and the defendants offer no basis for concluding that the Court thereby committed manifest error.

## II. Supplemental Motion to Alter or Vacate.

The supplemental motion offered additional grounds that the award against Mitchell and Wesch should be altered or vacated even if the award against Holiday Isle were to be confirmed. The Court rejected each of the arguments presented. (Doc. 100 at 16-25).

### A. Waiver.

The supplemental motion sought relief under Section 11(a), Section 10(a)(4), and due process. In their reply brief, Wesch and Mitchell added an argument under Section 11(b), which the Court ruled "comes too late and furnishes no grounds for relief." (Doc. 100 at 21). The defendants' objections to this ruling have been adequately addressed by previous order, (*id.* at 6-8), and in Part I.A. At any rate, the Court went on to consider and reject the merits of the Section 11(b) argument, (*id.* at 21) and, as discussed in Part II.B, Wesch and Mitchell have punched no holes in that analysis.

### B. Section 11(b).

The defendants argue that the arbitrator's award against Wesch and Mitchell was "upon a matter not submitted to" him because, they say, there was no evidence presented to support his award against them. (Doc. 104 at 5). As discussed by the Court, the

arbitration complaint explicitly asserted a welter of claims against Wesch and Mitchell, and the defendants have offered no reasoning or authority for the proposition that Section 11(b) requires more. *See Davis v. Prudential Securities, Inc.*, 59 F.3d 1186,1195 (11th Cir. 1995) (indicating that a statement of claim requesting attorney's fees would be adequate to submit the issue to the arbitrator); *Executone Information Systems, Inc. v. Davis*, 26 F.3d 1314, 1321-22 (5th Cir. 1994) (the arbitrator's statement of issues, to which the parties did not object, submitted those issues to the arbitrator ). Finally, and as discussed in Part II.C, evidence concerning one or more of the plaintiffs' claims against Wesch and Mitchell was in fact presented to the arbitrator, which satisfies even the defendants' interpretation of Section 11(b).

### C.  Rational Basis.

For reasons unknown, the plaintiffs introduced a potential basis for overturning the arbitrator's award against Wesch and Mitchell that had not been mentioned by the defendants, viz., the absence of a rational basis for the award, which analysis requires review of both the law and the evidence. The Court concluded that there was no rational basis for holding Wesch and Mitchell liable on a breach of contract theory, because they were not parties to the contracts between Holiday Isle and the plaintiffs; because the plaintiffs identified no legal basis for nevertheless holding Wesch liable; and because the plaintiffs' theory for holding Mitchell liable — that it was Holiday Isle's alter ego — was unsupported by evidence that Mitchell misused its control or that such misuse proximately caused the plaintiffs' harm. (Doc. 100 at 21-23). With this portion of the Court's analysis, the defendants have no quarrel.

However, to succeed on a rational basis challenge, "[t]he onus is on the party requesting vacatur to refute ... every rational basis upon which the arbitrator could have relied." *Brown v. Rauscher Pierce Refsnes, Inc.*, 994 F.2d 775, 779 (11th Cir. 1993). That burden required Wesch and Mitchell to demonstrate that the arbitrator could not

-10-

have relied on the plaintiffs' claims — clearly expressed in the arbitration complaint — that Wesch and Mitchell improperly called the plaintiffs' letters of credit by misrepresenting that the plaintiffs were in default; converted the plaintiffs' earnest money deposits; wrongfully called the letters of credit; breached a fiduciary duty to the plaintiffs; and concealed material facts concerning their use of the earnest money deposits. (Doc. 100 at 18-19). The defendants' only effort to carry their burden of showing that the arbitrator could not have relied on any of these claims in making his award against Wesch and Mitchell was to assert — incorrectly — that the arbitrator expressly declined to decide these claims. The Court therefore ruled that the defendants failed to show that the award against them lacked a rational basis. (*Id.* at 24).

On motion to alter or amend judgment, the defendants attempt to provide new grounds for finding that the award against Wesch and Mitchell lacked a rational basis. They assert that the arbitrator could not have relied on any of the non-contractual claims against them because: (1) no evidence relevant to any non-contractual claim was presented to the arbitrator; (2) the arbitrator mentioned no other claim in making his award; and (3) the Court awarded pre-judgment interest. (Doc. 104 at 3-4; Doc. 109 at 4, 6). Because "[a] Rule 59(e) motion [cannot be used] to ... raise argument ... that could have been raised prior to the entry of judgment," *Arthur*, 500 F.3d at 1343, the defendants' new arguments come too late. Nor would they assist the defendants even if timely raised.

First, and as discussed in the Court's previous order, there was evidence that Mitchell and Wesch (Mitchell's vice-president) had authority to, and did, act on behalf of Holiday Isle (which had no employees), as well as other evidence suggesting that Mitchell controlled and dominated Holiday Isle. (Doc. 100 at 23). There was evidence that Holiday Isle (necessarily acting through Wesch and Mitchell) called the plaintiffs' letters of credit, and the arbitrator found that the plaintiffs had not been in default so as to justify the call. There was thus more than enough evidence on which the arbitrator could

have relied to conclude that and Wesch and Mitchell wrongfully called the letters of credit.[7]

Second, that the arbitrator did not mention a non-contractual basis of his award is immaterial, given that "[a]rbitrators have no obligation to the court to give their reasons for an award." *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 598 (1960). Silence simply cannot eliminate an unmentioned claim as a rational basis for an award. *Sullivan, Long & Hagerty, Inc. v. Local 559 Laborers' International Union*, 980 F.2d 1424, 1427 (11th Cir. 1993) ("It is well settled that arbitrators are not required to explain an arbitration award and that their silence cannot be used to infer a grounds for vacating the award.") (internal quotes omitted).

Third, the Court's treatment of prejudgment interest can hardly reflect on what the arbitrator could have relied on in making his award. It is true that the arbitrator also awarded prejudgment interest against all defendants, but that is not what the defendants rely on. Even if it were, and even assuming (which the defendants have not attempted to show) that prejudgment interest cannot lawfully be awarded on a claim for wrongful call of a letter of credit, that would show at most that there was no rational basis for the award against Wesch and Mitchell of prejudgment interest, not that there was no rational basis for an award against them based on wrongful call.[8]

As an alternative to vacatur, the defendants urge the Court to remand the matter to the arbitrator, for him to explicitly announce a decision concerning the many non-

---

[7]The defendants' assertion that the Court reviewed the transcript and found no evidence of a non-contractual claim, (Doc. 109 at 5), is simply wrong.

[8]Wesch and Mitchell did not seek modification to remove the award of prejudgment interest. On the contrary, with the plaintiffs they jointly submitted the judgment, which the Court entered, providing for prejudgment interest. (Doc. 102). Since the defendants were expressly permitted to file a separate proposed judgment if they disagreed with the plaintiffs' version, (Doc. 100 at 30 n.26), their election to jointly submit a judgment awarding prejudgment interest against Wesch and Mitchell waives any right to challenge such an award.

contractual claims asserted against Wesch and Mitchell. (Doc. 104 at 4, 10; Doc. 109 at 5-6, 14). Once again, the defendants improperly attempt to expand the grounds previously argued. On the parties' competing motions to confirm or to vacate or modify, the defendants requested remand for one specific purpose only: for the arbitrator to correct his erroneous determination of the meaning of "unit." (Doc. 99 at 12-15). They may not now, on motion to alter or amend, "raise argument ... that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343.

Even if the defendants' request for remand were not untimely, it would still be meritless. For the Court to remand the case would be to nullify the defendants' burden of refuting every rational basis on which the arbitrator could have relied in making an award against Wesch and Mitchell, shifting to the plaintiffs or the arbitrator the burden of establishing the rational basis. Once again, the defendants offer no authority supportive of such an unlikely proposition.

On the contrary, "[a] remand for clarification is proper only when the award itself can be interpreted in a variety of ways." *Brown*, 994 F.2d at 780 n.4. By "award" is meant only the relief provided. *Id*. When the arbitrator makes an award of damages and fees in an amount that is "explicit ..., the district court's remand [i]s improper." *Id*. Under *Brown,* the Court could not remand for the arbitrator to clarify the basis of his ruling against Wesch and Mitchell even had the defendants timely requested it.[9]

### D. Presentation to the Arbitrator.

Wesch and Mitchell made multiple arguments to the Court as to why they could not be liable to the plaintiffs even if Holiday Isle were liable. After rejecting all of these

---

[9]The three cases cited by the defendants, (Doc. 104 at 4), are inapposite. Their sole Eleventh Circuit authority did not remand for clarification but for reassignment to a new arbitration panel after the original panel deliberately refused to follow the law. *Montes v. Shearson Lehman Brothers, Inc*., 128 F.3d 1456, 1464 (11th Cir. 1997). The other cases are not from the Eleventh Circuit and so cannot trump *Brown*.

arguments, the Court expressed concern that they had been made initially to the Court, without first giving the arbitrator an opportunity to consider them and, perhaps, tailor his decision in light of them. (Doc. 100 at 24-25). The defendants construe these remarks as a finding of waiver, (Doc. 104 at 10), but they are not. Nor will the Court retract its comments, because the snippet from the defendants' post-arbitration memorandum, (Doc. 109 at 7-8), does not address, much less alleviate, the Court's concern.

### III. Hambric Motion to Vacate.

The arbitrator ruled that Hambric's unit was completed within the two-year deadline, such that he was in default in failing to close. The arbitrator awarded Holiday Isle $114,600. The problem, as the Court ruled, was that the parties had put in issue only who was entitled to the proceeds of the plaintiffs' letters of credit, and Hambric's letter of credit had expired, so that there were no proceeds to award. Since the parties had asked the arbitrator to decide only who would get the proceeds of the letters of credit, he had no authority to require Hambric to pay $114,600 out of his own pocket, and the award therefore violated Sections 10(b)(4) and 11(b). (Doc. 100 at 28-29).

The defendants argue that an arbitrator's award must be upheld even if it is wrong and even if it is contrary to the parties' contract. (Doc. 104 at 8-9). This is correct as far as it goes, but it does not go far enough. The question is not whether the arbitrator resolved the issue satisfactorily but whether he was empowered to decide it at all. As discussed above and in the Court's previous order, he was not, and the award therefore must be vacated.

In their reply brief, the defendants once again switch arguments. This time, the new argument is that their answer did in fact submit to the arbitrator the issue of whether they could receive an affirmative award against Hambric despite the expiration of his letter of credit. (Doc. 109 at 11-12). Under principles that by now should be familiar, this argument comes too late to be considered. Moreover, the argument is based on

language that the defendants did not rely on in opposition to Hambric's motion to vacate, (*compare* Doc. 92 at 15 *with* Doc. 109 at 12), and so constitutes an impermissible effort to "present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343. At any rate, the newly presented language is substantively no different than that on which the defendants previously relied and which the Court has already rejected as insufficient. (Doc. 100 at 29).

## CONCLUSION

Review of arbitration awards is extremely narrow, and review of judicial rulings on such awards narrower still. Even had the defendants' many tardy arguments been timely presented, they would not justify relief from the award or the Court's previous order. For the reasons set forth above, the motion to alter or amend is **denied**.

DONE and ORDERED this 10th day of December, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE